```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL S. DANIELS,               : CIVIL NO. 1:07-CV-00459
                               :
        Petitioner             : (Judge Conner)
                               :
     v.                        : (Magistrate Judge Smyser)
                               :
JAMES T. WYNDER,               :
                               :
        Respondent             :
```

**REPORT AND RECOMMENDATION**

On March 12, 2007, the petitioner, a state prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner claims that the state trial court which convicted him did not have jurisdiction over him.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, we recommend that the petition be dismissed.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the

federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)( "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508.

2

The petitioner has not alleged that he exhausted state court remedies.  Accordingly, we will recommend that the petition be dismissed.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice on the basis that the petitioner has not exhausted his claims in state court.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  March 14, 2007.